UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TERESA LANETTE PALMER,

    Defendant.
_____/

Case No. 2:14-cr-20675

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER DENYING EMERGENCY MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A)(i) [60]**

Defendant Teresa Lanette Palmer pleaded guilty to one count of possession of a firearm with an obliterated serial number in violation of 18 U.S.C. § 922(k). ECF 28. On November 8, 2016, the Court sentenced Defendant to 57 months of imprisonment. ECF 46. Now, she asks the Court to grant her compassionate release under the First Step Act, 18 U.S.C. § 3582, and reduce her sentence to time served. ECF 60, PgID 398. For the following reason the Court will deny her request.

To be eligible for compassionate release, Defendant must show that "extraordinary and compelling reasons" warrant a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Section 1B1.13 of the Sentencing Guidelines provides guidance about what constitutes "extraordinary and compelling reasons." U.S.S.G. § 1B1.13. Those reasons are classified in four categories: (1) Defendant's medical condition; (2) Defendant's age; (3) family circumstances; and (4) additional reasons "other than, or in combination with" reasons in the first three categories. *Id.* at cmt. n.1(A)–(D). Only

1

the first category—medical conditions—applies to Defendant. *See* ECF 60, PgID 374–75.

Prior to filing the present motion, Defendant was transferred from a prison to a residential reentry center ("RRC"). *See id.* at 392 (stating that when the motion was filed Defendant was confined in an RRC). But, while the motion was pending, Defendant was released to home confinement. ECF 62, PgID 461. Because Defendant is no longer confined to a Bureau of Prisons ("BOP") facility, she does not face the same level of risk that she faced while incarcerated. *See United States v. Bradley*, No. 14-20216-04, 2020 WL 4676381, at *2 (E.D. Mich. Aug. 12, 2020) (noting that a "[d]efendant's risk of contracting COVID-19 has decreased since leaving his dorm-style room" at a BOP facility and "returning home to live with his wife."); *see also Whitaker v. United States*, Nos. 18-cr-0161, 19-cr-1014, 2020 WL 4201673, at *2 (D.N.M. July 22, 2020) (finding that most COVID-19 concerns were moot after a defendant was released to home confinement). Instead, Defendant is confined to her home where her risk of contracting COVID-19 is lower, and she is allowed to leave to attend medical appointments and other necessary tasks. *See* ECF 62-1. Because "Defendant is serving the remainder of [her] term on home confinement, there is no extraordinary and compelling reason to reduce [her] sentence." *Bradley*, 2020 WL 4676381, at *2. The Court will therefore deny her motion for compassionate release.

2

**WHEREFORE**, it is hereby **ORDERED** that Defendant's emergency motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) [60] is **DENIED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: October 26, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 26, 2020, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager